# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MADELINE SCOTT**                              **CIVIL ACTION**

**VERSUS**                                      **NO. 15-712-BAJ-EWD**

**UNITED STATES POSTAL**
**SERVICE, ET AL.**

## RULING AND ORDER ON MOTION TO COMPEL DISCOVERY

Before the Court is a Motion to Compel Discovery, filed by defendant United States of America ("Defendant").[1]  The Motion is opposed[2] and Defendant has filed a Reply.[3]  For the reasons that follow, the Motion is **GRANTED in part.**[4]

## I.       Background

This matter arises out of a June 6, 2014 automobile accident involving a vehicle driven by a United States Postal Service worker who was allegedly acting within the course and scope of her employment at the time of the accident.[5]  As a result of the accident, Plaintiff filed a Complaint in this Court on October 26, 2015, asserting claims under the Federal Tort Claims Act against Ashley

---

[1] R. Doc. 25.

[2] R. Doc. 28.

[3] R. Doc. 32.

[4] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to compel is a nondispositive, pretrial discovery motion." *State Farm Mut. Auto. Ins. Co. v. Friedman*, 2002 WL 649417, at *1 (N.D. Tex. Jan. 14, 2002) (citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)). *See, Turner v. Hayden*, 2016 WL 6993864, at *1 (W.D. La. Nov. 29, 2016) ("The decision by Magistrate Hornsby to deny Turner's Motion to Compel Discovery is a non-dispositive matter."); *United States v. Toney*, 2012 WL 2952768, at *1 (W.D. La. July 19, 2012) ("The Court must apply a 'clearly erroneous' or 'contrary to law' standard of review to a magistrate judge's ruling on a nondispositive pre-trial motion, such as a motion to compel." (citations omitted)); *In re Tex. Bumper Exchange, Inc*., 333 B.R. 135, 138 (Bankr. W.D. Tex. 2005) (holding bankruptcy court's order granting motion to compel discovery was an interlocutory order as the order concerned a nondispositive discovery issue and did not dispose of the merits of litigation).

[5] R. Doc. 1 at 1.

M. Delone and Defendant, "as the proper party to represent the United States Postal Service as the employer of Ashley M. Delone."[6]

Defendant asserts that it propounded its First Set of Interrogatories and Requests for Production of Documents on the Plaintiff on May 4, 2016 via email, a copy of which was also mailed to and received by Plaintiff's counsel on May 5, 2016.[7] According to Defendant, Plaintiff's discovery responses were mailed on July 8, 2016, but were not received by counsel for Defendant until July 14, 2016.[8] Although Defendant found several of the responses problematic, Defendant asserts the only remaining dispute involves Plaintiff's use of social media and vacations Plaintiff has taken since the underlying accident. The discovery requests at issue include the following:

**INTERROGATORY NO. 21**:
Identify any and all social media (including but not limited to Facebook, Instagram, Twitter) you have used since June 6, 2014. As part of your response, please identify your usernames and the time period of use of each social media account listed.

**INTERROGATORY NO. 22:**
Provide any and all vacations and travel outside of Baton Rouge, Louisiana, from June 6, 2014 to present. For each travel listed, please provide the following:
    a. Location of travel;
    b. Duration of the travel; and
    c. Place of lodging.

**REQUEST FOR PRODUCTION NO. 10:**
Produce all postings related to any type of physical or athletic activities from June 6, 2014, to present on all social media websites,

---

[6] *Id*.
[7] R. Doc. 25-1 at 1; *See*, R. Doc. 25-2.
[8] R. Doc. 25-1 at 1; *See*, R. Doc. 25-3.

including, but not limited to Facebook, Instagram and Twitter.[9]
In her written discovery responses, Plaintiff objected to each of these requests by asserting that "the information requested is inclement, immaterial and not reasonably calculated to lead to the discovery of admissible evidence."[10]

Defendant claims that on July 21, 2016, it sent a letter to counsel for the Plaintiff asserting that Plaintiff's failure to timely respond to the discovery requests constitutes a waiver of any objection she may have to the discovery requests.[11]  In the letter, Defendant also explained that it has a good faith basis for believing that Plaintiff has posted photographs and other information on social media about her activities since the accident, which involve physical activity, and that such information is relevant to the case.  As an example, Defendant attached a photograph that Plaintiff posted to her Facebook account that shows Plaintiff and her fiancé in ski attire on a snow covered mountain.[12]  Defendant asserts that after sending the letter, it conferred with Plaintiff's counsel on several occasions, but they were unable to resolve the dispute.

Thereafter on September 27, 2016, Defendant filed the instant Motion to Compel Discovery, asserting that Plaintiff has failed to timely voice adequate objections to the discovery requests at issue and that Defendant is entitled to the information sought because social media is generally discoverable.[13]  Defendant maintains that the information requested is relevant because Plaintiff alleges continuing, severe personal injuries in this case.  Defendant also asserts that the discovery requests regarding social media and vacations are tailored to inquiries that are likely to

---

[9] R. Doc. 25-2 at 6-8.
[10] R. Doc. 25-3 at 4-5.
[11] R. Doc. 25-4.
[12] R. Doc. 25-4 at 3-4.
[13] R. Doc. 25-1 at 4 (citing *Farley v. Callais & Sons, LLC*, 2015 WL 4730729 (E.D. La. Aug. 10, 2015) (ordering plaintiff to provide social media postings to his counsel for determination of whether the postings are relevant and responsive to discovery requests); *Johnson v. PPI Tech. Servs., L.P.*, 2013 WL 4508128, at *1 (E.D. La. Aug. 22, 2013) ("Generally, [social networking site] content is neither privileged nor protected by any right of privacy." (citations omitted)).

produce information that relates to the extent of Plaintiff's injuries or lack thereof.  To support this claim, Defendant attached two photographs posted to Plaintiff's Facebook account that show Plaintiff skiing on or about February 6, 2016.[14]  Defendant asserts that such postings are inconsistent with Plaintiff's claims of "serious and disabling physical injuries" and are particularly relevant given her claims of residual pain that allegedly require multiple future rhizotomies.[15]

Although Plaintiff concedes that social networking content is discoverable where it is relevant to a claim or defense in the case, Plaintiff argues Defendant's request for all of her social media photos is overly broad because it will require the production of a significant amount of irrelevant information.[16]  Plaintiff asserts that Defendant is not entitled to her entire social media portfolio of accounts "or a vague request for photos depicting a certain type of activity not confined to universal meaning."[17]  However, Plaintiff waives her opposition to Defendant's request for her vacations outside of Baton Rouge after the accident and stated that she will supplement her response to that discovery request.[18]

In its Reply Memorandum, Defendant maintains that Plaintiff has waived her objections to the discovery requests at issue and that Defendant is entitled to the information and documents requested because they are relevant to Plaintiff's personal injury claims.[19]  Although Plaintiff characterizes the discovery requests as seeking all social media postings and photographs or a complete social media profile, Defendant asserts that it is only seeking the identification of all social media used since the accident and all postings related to any type of physical or athletic activities since the accident.  Defendant also claims that it clarified what it meant by "physical and

---

[14] R. Doc. 25-5.
[15] R. Doc. 25-1 at 6.
[16] R. Doc. 28 at 1-2.
[17] *Id.* at 4-5.
[18] *Id.* at 6.
[19] R. Doc. 32.

athletic activity" in emails sent to Plaintiff's counsel on August 30, 2016 and September 7, 2016,

explaining that such examples would include Plaintiff "walking a dog, hiking, skiing, playing

soccer, or running a race."[20]   Defendant asserts that such information is relevant in this case

because Plaintiff testified during her deposition that she has engaged in such activities as tennis,

running, sky diving, and skiing since the underlying accident and that she has taken several

vacations during which she engaged in similar activities.[21]

## II.      Law and Analysis

Under Rule 26 of the Federal Rules of Civil Procedure, parties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional

to the needs of the case, considering the importance of the issues at stake in the action, the amount

in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the

proposed discovery outweighs its likely benefit.   Fed. R. Civ. P. 26(b)(1).   "For purposes of

discovery, relevancy is construed broadly to encompass 'any matter that bears on, or that

reasonably could lead to other matters that could bear on, any issue related to the claim or defense

of any party.'"   *Fraiche v. Sonitrol of Baton Rouge*, 2010 WL 4809328, at *1 (M.D. La. Nov. 19,

2010) (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); Fed. R. Civ. P. 26(b)(1)).

Motions to compel discovery responses are governed by Rule 37(a) of the Federal Rules

of Civil Procedure.   "Rule 37(a)(3)(B) provides that a party seeking discovery may move for an

order compelling production or answers against another party when the latter has failed to produce

documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under

---

[20] *Id.* at 4; *See*, R. Doc. 32-1 at 2-3.
[21] R. Doc. 32 at 4-5.

Federal Rule of Civil Procedure 33." *Gondola v. USMD PPM, LLC*, 2016 WL 3031852, at *2 (N.D. Tex. May 27, 2016) (*citing* Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv)).

"The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Gondola*, 2016 WL 3031852 at *2 (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).  In response to a request for production under Rule 34, "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).  Further, "an objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(C).  In response to an interrogatory under Rule 33, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).  In addition, "The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

Since Plaintiff has voluntarily waived her objection to Interrogatory No. 22, which requested information regarding vacations she has taken since the underlying accident, the only discovery requests still at issue are Interrogatory No. 21 and Request for Production No. 10, which pertain to Plaintiff's social media accounts.  As an initial matter, the Court notes that Plaintiff does not address Defendant's argument that her failure to timely voice adequate objections to the discovery requests constitutes a waiver of any objection she may have to the discovery requests. The documents submitted with the Motion to Compel show that Defendant propounded its discovery requests upon Plaintiff's counsel by email and certified mail with return receipt

requested on May 4, 2016,[22] which Plaintiff's counsel received on May 5, 2016.[23]  Defendant also submitted documentation showing that it did not receive Plaintiff's answers to the discovery requests until July 14, 2016, which were purportedly sent "Via U.S. Mail" on July 8, 2016.[24]

"As a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."  *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).  First, the time period to respond to interrogatories and requests for the production of documents is thirty (30) days after service under Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).  Here, Plaintiff did not respond to the discovery requests within the time periods provided, so any objections to the requests were waived.  Further, the Fifth Circuit has held that conclusory objections that the requested discovery is "overly broad, burdensome, oppressive and irrelevant" are insufficient to voice a successful objection to an interrogatory or request for production.  *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).  Here, when Plaintiff finally responded to the discovery requests Plaintiff objected to the two discovery requests at issue by asserting that "the information requested is inclement, immaterial and not reasonably calculated to lead to the discovery of admissible evidence."[25]  The Court finds such boilerplate language does not suffice to assert a valid objection to the discovery requests under *McLeod*.  Thus, the Court finds that the general rule applies here and Plaintiff has waived her objections to Interrogatory No. 21 and Request for Production No. 10.  *See*, *Johnson v. PPI Technology Services, L.P.*, 2013 WL 4508128, at *1 (E.D. La. Aug. 22, 2013) (finding plaintiffs and third-party defendant waived their objections to defendant's discovery requests by not objecting to the requests until more than two

---

[22] R. Doc. 25-2 at 1.
[23] *Id.* at 2.
[24] R. Doc. 25-3 at 1.
[25] R. Doc. 25-3 at 4-5.

and a half months after the requests were propounded); *B&S Equipment Co., Inc. v. Truckla Services, Inc.*, 2011 WL 2637289, at *4 (E.D. La. July 6, 2011) (finding that defendants had waived all objections to plaintiff's discovery requests based on relevance, over breadth, unduly burdensomeness, or any other objection unrelated to privilege by failing to timely respond to plaintiff's discovery requests).

Notwithstanding this ruling, the Court finds that the discovery requests at issue are overbroad and will therefore limit the requests in accordance with Fed. R. Civ. P. 26(b)(1); *See, Johnson*, 2013 WL 4508128, at *1 (despite finding that plaintiffs and third-party defendant had waived their objections to the discovery requests, the court limited several of defendant's discovery requests temporally as they were overbroad in this respect).  As Defendant points out, social media is generally discoverable.  *See*, *Farley v. Callais & Sons, LLC*, 2015 WL 4730729 (E.D. La. Aug. 10, 2015) (ordering plaintiff to provide social media postings to his counsel for determination of whether the postings are relevant and responsive to discovery requests); *Johnson v. PPI Tech. Servs., L.P.*, 2013 WL 4508128, at *1 (E.D. La. Aug. 22, 2013) ("Courts have recognized that social networking site ('SNS') content may be subject to discovery under Federal Rule of Civil Procedure 34." (citations omitted)).  "Generally, SNS content is neither privileged nor protected by any right of privacy."  *Davenport v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 555759, at *1 (M.D. Fla. Feb. 21, 2012) (citation omitted).  However, a request for discovery must still be tailored so that it "appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*. (*quoting* Fed. R. Civ. P. 26(b)(1)).  "Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]."  *Davenport*, 2012 WL 555759, at *1 (quoting *Tompkins v. Detroit Metropolitan Airport*, 2012 WL 179320, at *2 (E.D. Mich. Jan. 18, 2012)).

In two recent opinions, this Court relied on the foregoing jurisprudence to compel plaintiffs in personal injury cases to produce social media information and postings like the information sought in the instant case.  In *Impson v. Dixie Electric Membership Corp.*, the Court ordered the plaintiff to produce "all Facebook or other social media postings" since the date of the accident that "refer to or discuss" the accident or plaintiff's alleged injuries and damages.  2015 WL 9413122, at *2-3 (M.D. La. Dec. 22, 2015).  Because the document requests were "time and subject-matter limited," the Court overruled the plaintiff's objection that they were overly broad and concluded that the requests "seek relevant information regarding the accident, Ms. Impson's alleged injuries, and/or Ms. Impson's alleged damages."  2015 WL 9413122 at *3.  In *Baxter v. Anderson*, this Court similarly ordered the plaintiff to respond to discovery requests regarding her social media accounts, concluding that "Movants are seeking relevant information posted on social media directly pertaining to Plaintiff's claims in the Petition."  2016 WL 4443178, at *2 (M.D. La. Aug. 19, 2016).  The Court ordered the plaintiff in *Baxter* to identify every social networking website that she had used or accessed since the accident at issue, and to which she had posted photographs or other information, as well as usernames and the last time she had accessed the accounts.  2016 WL 4443178 at *3.  The Court also ordered the plaintiff in *Baxter* to produce all postings, including any photographs and/or writings, since the accident that relate to the claims and defenses of the litigation, including postings that relate to the physical injuries plaintiff alleged she sustained as a result of the accident and "postings or photographs that reflect physical capabilities that are inconsistent with the injuries that Plaintiff allegedly suffered as a result of the accident."  2016 WL 4443178 at *4 (citing *Farley v. Callais & Sons LLC*, 2015 WL 4730729, at *4 (E.D. La. Aug. 10, 2015)).

Like in *Impson* and *Baxter*, the Court finds that the information and documents requested by Defendant in this case are relevant to Plaintiff's claims in the Complaint. The Complaint alleges that Plaintiff "sustained serious and disabling physical injuries to her person" as a result of the underlying accident.[26] Plaintiff also seeks compensatory damages for past, present, and future mental and physical pain and suffering, mental anguish and anxiety, residual physical pain and disability, past, present and future lost wages,[27] and loss of enjoyment of life.[28] Based on the photographs submitted by Defendant with the Motion to Compel, the Court finds that Defendant has shown that the social media information and postings sought are relevant to Plaintiff's claims.[29]

Although the Court finds that the information and documents sought by Defendant's discovery requests is relevant to the Plaintiff's claims, the Court recognizes that the Interrogatory is overly broad to the extent it seeks information regarding "the time period of use of each social media account listed."[30] Thus, the Court will limit the Interrogatory to identifying all social media accounts that Plaintiff has used since the underlying accident on June 6, 2014, her usernames, whether she has accessed the accounts since the accident, and the last time she accessed the accounts. The Court also finds that the Request for Production is overly broad to the extent that it seeks all social media postings "related to any type of physical or athletic activities from June 6, 2014, to present . . . ."[31] The Court will therefore limit the Request for Production to all of Plaintiff's social media postings, including photographs, since the June 6, 2014 accident that: (1) refer or relate to the physical injuries Plaintiff alleges she sustained as a result of the accident and any treatment she received therefor; or (2) reflect physical capabilities that are inconsistent with

---

[26] R. Doc. 1 at 3.
[27] In the Motion to Compel, Defendant notes that Plaintiff's responses to the Interrogatories clarify that she is not making a wage claim in this case. (R. Doc. 25-1 at 5; *See*, R. Doc. 25-3 at 4).
[28] *Id.*
[29] R. Doc. 25-4 at 4 and R. Doc. 25-5 at 2.
[30] R. Doc. 25-3 at 4.
[31] R. Doc. 25-3 at 5.

the injuries that Plaintiff allegedly suffered as a result of the accident.  These limitations are similar to those imposed by this Court in *Baxter v. Anderson*, 2016 WL 4443178, at \*3-4 (M.D. La. Aug. 19, 2016).

To ensure that Plaintiff's search for responsive information is complete, Plaintiff must, to the extent possible, download all historical data available from her social networking website accounts to review for responsive information covered by this Order.  If a particular social network website does not allow for such a review, the responses provided shall include a description of the steps taken to locate and review and responsive information within any social networking website account.  Plaintiff shall supplement her responses to Interrogatory No. 21 and Request for Production No. 10 within fourteen (14) days of the date of this Order.

### III.    Conclusion

For the reasons set forth herein, **IT IS HEREBY ORDERED** that the Motion to Compel Discovery[32] filed by defendant United States of America is **GRANTED in part**.  Plaintiff shall provide complete responses to Interrogatory No. 21 and Request for Production No. 10 consistent with this Ruling, without further objection (with the exception of any objections pertaining to any applicable privileges and/or immunities),[33] no later than **fourteen (14) days** from the date of this Order.

Upon further review, the Court finds that oral argument on the Motion to Compel is no longer necessary.  As such, **IT IS FURTHER ORDERED** that the Motion Hearing set for December 28, 2016 at 10:30 a.m. in Courtroom 5 before the undersigned Magistrate Judge is

---

[32] R. Doc. 25.
[33] *See*, *B&S Equipment Co., Inc. v. Truckla Services, Inc*., 2011 WL 2637289, at \*5 (E.D. La. July 6, 2011) ("[C]ourts have found that, pursuant to Rule 26(b)(5) which concerns withholding information on the basis of privilege, the failure to timely object on the basis of privilege does not result in an automatic waiver." (citation omitted)).

**CANCELLED.**

Signed in Baton Rouge, Louisiana, on December 27, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**